UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

MURTY NARUMANCHI,

          Plaintiff,

    -v-

AMERICAN HOME ASSURANCE COMPANY,

          Defendant.
----------------------------------------------------------------X

**MEMORANDUM AND ORDER**

03 CV 2342 (LB)

**BLOOM, United States Magistrate Judge:**

On August 24, 2005, a jury rendered a verdict in favor of defendant at the conclusion of the trial in this *pro se* diversity action.[1] Plaintiff has submitted a motion for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure, which provides in relevant part that "[a} new trial may be granted to all or any of the parties and on all or part of the issues ... in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59.

Rule 59 "does not prescribe specific grounds for granting a motion to alter or amend an otherwise final judgment." *Munafo v. Metro. Transit Auth.*, 381 F.3d 99, 105 (2d Cir.2004). Within the Second Circuit, "district courts may alter or amend judgment to correct a clear error of law or prevent manifest injustice." *Id.* (citation omitted). The standard for a motion to alter or amend a judgment under Rule 59(e), Fed.R.Civ.P., is the same as the standard for a motion for reconsideration under Local Civil Rule 6.3. *See Cohen v. Koenig*, 932 F.Supp. 505, 506 (S.D.N.Y.1996). Thus, a motion pursuant to Rule 59(e) should be granted only where the

---

[1] The action was tried before me pursuant to 28 U.S.C. § 636(c) on consent of the parties.

moving party demonstrates that the Court has overlooked factual matters or controlling decisions that were presented to it on the underlying motion and that could change the conclusion reached by the court. *See* Local Rule 6.3; *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). Courts narrowly construe this standard and apply it strictly against the moving party so as to "dissuade repetitive arguments on issues that have already been considered fully by the court." *Caleb & Co. v. E.I. DuPont De Nemours & Co.*, 624 F.Supp. 747, 748 (S.D.N.Y.1985). The decision to grant or deny the motion is within the sound discretion of the district court. *See Devlin v. Transp. Communications Int'l Union*, 175 F.3d 121, 132 (2d Cir.1999).

Plaintiff bases his motion on three main grounds. First, plaintiff contends that defendant's expert witnesses, Dr. Weintraub and Dr. Reiser, should not have been permitted to testify as to the "lack of causal connection" between his car accident on July 15, 2000 and his stroke on July 29, 2000 as plaintiff claims this was an "impermissible 'affirmative defense'" which defendant waived. Second, plaintiff contends that the court should have charged the jury as he requested on several issues and specifically, should have given a different instruction regarding proximate cause. Finally, plaintiff contends that he is entitled to a new trial based on defendant's counsel's "Egregious and Impermissible conduct".

To prevail on a motion for reconsideration under Rule 59, the moving party bears a heavy burden. Plaintiff has not met his burden here as his arguments lack merit. "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple' ..." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir.1998). With the exception of his new claim that defense counsel's conduct was "egregious", plaintiff's other contentions have already been properly addressed by the Court. The Court does not believe that the jury in this case reached a

seriously erroneous result or that allowing the verdict to stand would work a miscarriage of justice. *DLC Management Corp. v. Town of Hyde Park*, 163 F.3d 124, 133 (2d Cir.1998); citing *Smith v. Lightning Bolt Prods., Inc.*, 861 F.2d 363, 370 (2d Cir. 1988)(holding that a district court "should not grant a new trial unless it is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice") Plaintiff's motion for a new trial under Rule 59 is therefore DENIED.[2]

At the same time as plaintiff filed the instant motion, he also filed a notice of appeal.[3] A notice of appeal filed before disposition of a timely Rule 59 motion "becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(I); *see Hertzner v. Henderson*, 292 F.3d 302, 303 (2d Cir. 2002). Accordingly, the Clerk of Court shall process plaintiff's notice of appeal as timely filed to the district court's judgment in its entirety. However, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Lois Bloom
United States Magistrate Judge

Dated: October 12, 2005
Brooklyn, New York

---

[2] As plaintiff's motion for a new trial is denied, his motion for an extension of time to file further documents in support of his motion is denied as moot. Likewise, plaintiff's motion to strike defendant's opposition to his motion for a new trial is denied.

[3] A number of documents are entered on the docket sheet out of chronological order.